UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CHRISTOPHER FEW, ET AL                CASE NO. 1:16-CV-01513

VERSUS                                CHIEF JUDGE DRELL

DERRICK STAFFORD, ET AL               MAGISTRATE JUDGE PEREZ-MONTES

## MEMORANDUM IN SUPPORT OF
## FRCP RULE 12(b)(6) MOTION TO DISMISS

In the lengthy petition, plaintiffs assert the following facts relevant to the liability of

Avoyelles Parish:

22.   On November 3, 2015, at approximately 9:20 p.m., Greenhouse, a Marksville
      Ward 2 Deputy City Marshal, while on duty and acting in his official capacity,
      initiated and engaged in a vehicle pursuit of a 2007 Kia Sport (sometimes
      referred to herein as "Vehicle 1").

28.   At the same time, Marksville Ward 2 Deputy City Marshal Jason Brouillette
      ("Brouillette") and Derrick Stafford were also on duty and acting in an official
      capacity while on patrol in a Marksville Ward 2 City patrol unit ("Vehicle 3").
      Vehicle 3 was driven by Brouillette and Stafford was a guest passenger in
      the unit.

30.   Having received a call for assistance, ostensibly from Greenhouse,
      Brouillette and Stafford also engaged in the vehicle pursuit of Vehicle 1, the
      2007 Kia Sport driven by Christopher. During that pursuit, Brouillette
      positioned Vehicle 3 behind Vehicle 2 which was being operated by
      Greenhouse.

36.   Once Vehicles 2 and 3 were stopped, Stafford and Greenhouse immediately
      exited each of their vehicles and drew their duty weapons -.40 caliber
      semiautomatic pistols loaded with jacket hallowed -.40 bullets - and aimed
      them at Christopher Few.

38.   After Stafford and Greenhouse exited their patrol cars, Christopher was
      commanded to put his hands up in the air - and he complied. Despite
      Christopher putting his empty hands in the air, Stafford and Greenhouse
      almost immediately began to fire their duty weapons at Christopher Few and
      Jeremy Mardis.

39.   Greenhouse fired his duty weapon a total of four times and Stafford fired his duty weapon a total of fourteen times. Between the two, a total of 18 rounds were fired at Christopher and Jeremy.

45.   As a direct result of the actions of Deputy City Marshals Stafford and Greenhouse, Christopher Few was critically wounded, having been shot in his head and chest with at least two gunshots, and Jeremy was fatally wounded having received at least four or five gunshot wounds. While Jeremy was ultimately pronounced dead at the scene, he did not immediately die from his wounds, and continued to suffered for a period of time before expiring.

79.   At all times relevant hereto, Greenhouse was employed by and acting in the course and scope of his employment as a deputy marshal with City Court, having been hired and appointed as such by Voinche.

82.   At all times relevant hereto, Stafford was employed by and acting in the course and scope of his employment as a deputy marshal with City Court, having been hired and appointed as such by Voinche.

113.  The compensation of Voinche, Greenhouse, Stafford and Brouillette was fixed and paid for, at least in part, by the Town of Marksville and Avoyelles Parish.

118.  City Court, the Town of Marksville and Avoyelles Parish had the authority, right and duty to control, direct and supervise the actions of Voinche, Greenhouse, Stafford, Brouillette and Parnell.

The City Court of Marksville was created by statute in 1971. La.R.S. 13:2488.51, et seq. These statutes provide that the salaries of the city court judge, marshal, clerk, deputy clerks are to be paid in equal proportions by the Town of Marksville and the Parish of Avoyelles. § 2488.53 - 55. The expenses of operating and maintaining the courtroom and offices are likewise shared equally by the town and parish. § 2488.56. No specific provisions were made for paying deputy marshals.

The general power and duties of marshals is set forth in La.R.S. 13:1881 which provides:

A.    The marshal is the executive officer of the court; he shall execute the orders and mandates of the court and in the execution thereof, and

2

in making arrests and preserving the peace, he has the same powers and authority of a sheriff.

B.    The marshal may appoint one or more deputy marshals having the same powers and authority as the marshal, but the marshal shall be responsible for their actions. The compensation of the deputy marshals shall be fixed and paid by the governing authorities of the city or parish, or both, where the court is located. The city marshal may use funds available for expenses of his office, including proceeds from costs assessed in criminal matters pursuant to R.S. 13:1899, to pay an amount in excess of the fixed salary or to pay the amount fixed or any portion thereof to deputy marshals or to employ additional deputies. However, nothing herein shall authorize the city marshal to fix or supplement his own salary. In no event shall the sale of any deputy exceed that of his city marshal.

As the Court can see, only the marshal has the authority to appoint deputy marshals such as Stafford and Greenhouse. Indeed, the petition alleges that Marshal Voinche "hired and appointed" both Stafford and Greenhouse. (¶ 79, 82) Although the city or parish or both may fix and pay any deputy salaries, § 1881(B) makes clear that "the marshal shall be responsible for their actions." Given this statutory mandate, there is no legal basis to hold the Parish of Avoyelles responsible for the acts of Stafford and Greenhouse on the night of November 3, 2015.

To defendant's knowledge, there is no statutory or jurisprudential authority to hold a parish responsible for the acts of deputy city court marshals. The fact that Avoyelles Parish is statutorily obligated to share in the expenses of city court does not rendered the parish the employer, master or supervisor of Greenhouse or Stafford. Avoyelles Parish has no authority to hire, fire, train or supervise city court deputy marshals. The fact that the parish is responsible for half of the expenses of city court does not render the parish the employer of the marshal or deputy marshals for § 1983 or state tort law purposes.

3

The parish's statutory financial obligation to city court is similar to other laws which mandate that parishes provide good and sufficient jails and to pay for the arrest, confinement, maintenance and prosecution of persons accused of convicted crimes. La. R.S. 15:702; 15:304. However, courts have repeatedly held that a parish or its police jury is not responsible for the operation of its jails, which are the responsibility of the parish sheriff. In *Martin v. Vernon Parish Sheriff's Office* , 09-1248 (W.D. La. 2010) 2010 W.L. 3522076, the plaintiff filed a civil rights suit for conditions at the Vernon Parish jail, including having to sleep on the floor, unhealthy diet, lack of exercise, cold temperatures, denial of medical services and use of excessive force. The Vernon Parish Police Jury was named as a defendant. In conducting an ex parte frivolity review, Magistrate Judge Kay noted the Police Jury's statutory fiscal responsibility to provide for jails and the maintenance of prisoners, however, given the limited scope of the police jury's duties despite its statutory funding obligations, the court held plaintiffs' complaint simply did not state a cause of action against the police jury.

Likewise, while the plaintiffs quite lengthy complaint generally alleges that because Avoyelles Parish is obligated to partially fund Marksville City Court, it had a legal duty to train or supervise Stafford or Greenhouse, there is no actual legal authority for this legal conclusion. To the contrary, the only connection Avoyelles Parish has to the events of November 3, 2015 is its statutory obligation to share in the expenses of the Marksville City Court. This fiscal obligation is insufficient to hold Avoyelles Parish liable for the actions of Stafford and Greenhouse under the provisions of 42 USC § 1933 or Louisiana state law.

In ruling on a Rule 12(b)(6) Motion to Dismiss, well-pleaded facts are accepted as true, and the court views "those facts in the light most favorable to the plaintiff." *Gonzales*

4

*v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). However, legal conclusions, couched as factual allegations, are not accepted as true. *Ashcroft v. Iqbal*, 556 US 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The factual allegations must be sufficient to raise a right to relief above the speculative level and the pleadings must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. "Threadbare recitals of the elements of a cause of action, supported by mere conclusionary statements, do not suffice. *Id.*

In this case, the plaintiffs' allegations that Avoyelles Parish had the authority, right and duty to control, direct and supervise the actions of Greenhouse, Stafford and the other officers are only legal conclusions unsupported by any facts or law. To the contrary, Louisiana statutory law explicitly provides that a city marshal is responsible for the actions of his/her deputy marshals. The plaintiffs' petition, despite its great length, fails to state a cause of action against Avoyelles Parish for which relief under state or federal laws may be granted.

Respectfully submitted,

STAFFORD, STEWART & POTTER

BY: _____

Andrew P. Texada (#17825)
3112 Jackson Street (71301)
P.O. Box 1711
Alexandria, LA 71309
Phone: 318-487-4910
Fax: 318-487-9417
(email: atexada@ssplaw.com)
ATTORNEYS FOR PARISH OF AVOYELLES

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December __12__, 2016, a copy of the above and

foregoing pleading has been electronically filed with the Clerk of Court using the CM/ECF

system.  Notice of this filing will be sent to all known counsel of record by operation of the

court's electronic filing system.

_____
OF COUNSEL
