UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER FEW, ET AL., Plaintiffs | CIVIL ACTION NO. 1:16-CV-01513 |
| VERSUS | CHIEF JUDGE DRELL |
| DERRICK STAFFORD, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

This lawsuit arises from a fatal officer-involved shooting which occurred on November 3, 2015 in Marksville, Louisiana. Plaintiffs Christopher Few, Catherine Mardis, and Candace Few assert civil rights claims under 42 U.S.C. § 1983, as well as supplemental claims under Louisiana law.

Defendants Derrick Stafford ("Stafford") and Norris Greenhouse, Jr. ("Greenhouse") were the officers involved in the shooting. Stafford and Greenhouse are both charged with Second Degree Murder under La. R.S. 14:30.1 and Attempted Second Degree Murder under La. R.S. 14:30.1 and La. R.S. 14:27. Stafford's trial began on March 13, 2017. Greenhouse's trial is scheduled to begin on June 12, 2017.

Pursuant to this Court's instructions, Plaintiffs filed a Motion to Stay Proceedings (Doc. 50), which includes a summary of each Defendants' position regarding the stay and the pendency of dispositive motions.

To control their dockets and "in the interests of justice," federal courts possess wide and inherent discretion to stay pending civil matters. In re Ramu Corp., 903 F.2d 312, 318 (5th Cir. 1990) (quoting McKnight v. Blanchard, 667 F.2d 477, 479 (5th

1

Cir. 1982)). "Certainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding." United States v. Little Al, 712 F.2d 133, 136 (5th Cir. 1983); accord Wallace v. Kato, 549 U.S. 384, 393-94 (2007) ("[I]t is within the power of the district court, and in accord with common practice, to stay [a] civil action until the [underlying] criminal case or the likelihood of a criminal case is ended.") (citing Heck v. Humphrey, 512 U.S. 477 (1994)). While the pendency of parallel criminal and civil suits is not *per se* objectionable, "a stay contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" Id. (quoting SEC v. First Fin. Group of Texas, Inc., 659 F.2d 660, 668 (5th Cir. 1981)).

For instance, a stay may be warranted "to preserve a defendant's Fifth Amendment right against self-incrimination and to resolve the conflict he would face between asserting this right and defending the civil action." See Alcala v. Texas Webb Cty., 625 F.Supp.2d 391, 397 (S.D. Tex. 2009) (citing SEC v. Dresser Industries, Inc., 628 F.2d 1368, 1376 (D.C.Cir.1980) (en banc), cert. denied, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980)). Accordingly, a stay may be warranted in a federal civil case during the pendency of state criminal proceedings. See, e.g., St. Martin v. Jones, CIV.A. 08-1047, 2008 WL 4534398, at *1 (E.D. La. Oct. 2, 2008).

"[A] mere relationship between civil and criminal proceedings and the prospect that discovery in the civil case could prejudice the criminal proceeding does not necessarily warrant a stay." U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am., 571 F.Supp.2d 758, 762 (W.D. Tex. 2008) (citing *In re* Ramu Corp., 903 F.2d at 320). "The court considers the following factors when considering whether the civil action

should be stayed: (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendant has been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff caused by a delay; (4) the private interest of and burden on the defendant; (5) the interest of the court; and (6) the public interest." Atkins v. Se. Cmty. Health Sys., CIV.A. 11-47-DLD, 2012 WL 370218, at *1 (M.D. La. Feb. 3, 2012). And even when a stay is warranted, "immoderate" or "indefinite" stays are not. McKnight v. Blanchard, 667 F.2d 477, 479 (5th Cir.1982).

Here, a stay is plainly appropriate. First, there is substantial overlap in the criminal and civil proceedings. See Doe v. Morris, CIV.A. 11-1532, 2012 WL 359315, at *1 (E.D. La. Feb. 2, 2012). The predicate facts are basically identical. And many of the central questions to be resolved – including Stafford's and Greenhouse's motivations for allegedly firing their weapons – will bear upon the elements of proof in both proceedings. Under these circumstances, the overlap between the two proceedings strongly favors a stay.

Second, because Stafford and Greenhouse have been indicted and are therefore more likely to incriminate themselves if this civil lawsuit proceeds, the "status of the case" favors a stay. See id. at *2; see also Modern Am. Recycling Servs., Inc. v. Dunavant, CIV.A. 10-3153, 2012 WL 1357720, at *3 (E.D. La. Apr. 19, 2012) ("Generally, a stay of a civil case is 'most appropriate' when a party to the civil action has already been indicted for the same conduct.") (internal citation omitted).

Third, Plaintiffs do not claim they will be prejudiced by a temporary stay of this lawsuit.

Fourth, no Defendant will be meaningfully burdened by a temporary stay. Discovery and other pretrial steps can resume once the prosecutions are completed. The outcome of those prosecutions may expand, or reduce, the issues presented in this lawsuit. Thus, all parties, including Defendants, have an interest in allowing resolution of the criminal proceedings before pursuing this lawsuit.

Fifth, "[t]he Court has interests in judicial economy and expediency." Morris, CIV.A. 11-1532, 2012 WL 359315, at *2. Again, judicial economy and expediency would be best served by allowing the criminal proceedings – and any ramifications that those proceedings may have upon the issues in this case or the rights of Stafford and Greenhouse – to be resolved.

Sixth, "the 'public has an interest in the resolution of disputes with minimal delay, but only to the extent that the integrity of the defendant's rights can be maintained.'" Id. (quoting Alcala, 625 F.Supp.2d at 397). Given the current trial settings in the criminal proceedings, the delay in this case will be relatively minimal.

All factors favor a stay. All parties consent to a stay of discovery. Some of the parties disagree only about whether the Court should resolve dispositive motions which do not require further discovery. Defendant Progressive Paloverde Insurance Company ("Progressive") argues its pending Motion for Summary Judgment (Doc. 46) may be resolved without discovery, and accepting Plaintiffs' allegations as true. Defendants the Town of Marksville, Kenneth Parnell, III, the Parish of Avoyelles,

4

and City Court of the Town of Marksville also suggest that motions to dismiss and for summary judgment which have been filed but require no further discovery may be resolved. Progressive cites decisions from courts in this circuit and others facing similar and dissimilar circumstances. Some of those courts imposed limited stays of discovery only.

This Court recognizes its authority to impose a limited stay. It also recognizes the need to "moderate" any stay to whatever extent possible. But in this case, the interests of justice, and the balance of burdens, favors a stay of this entire lawsuit, including dispositive motion practice, until the conclusion of criminal proceedings against Stafford and Greenhouse.

From Plaintiffs' perspective, resolution of the pending motions would be compromising at best and unfair at worst. Plaintiffs would have to respond to dispositive motions without discovery, even when they feel discovery may be warranted. Plaintiffs also may suggest that the Court pierce the pleadings in considering motions to dismiss, or allow discovery to respond to a motion for summary judgment, even one that raises only coverage issues. Even motions which raise primarily legal issues may be impacted by discovery in some instances. Overall, discovery may change Plaintiffs' allegations, Defendants' affirmative defenses, and the nature of Plaintiffs' responses to dispositive motions.

From Stafford's and Greenhouse's perspectives, the resolution of any dispositive motions before or during their criminal trials may pose similar issues. Further, Stafford and Greenhouse are, at this point, effectively prohibited from

making any representations regarding these civil proceedings given the risk posed to their constitutional rights in doing so. Granting motions, and eliminating parties and claims, may substantially affect their rights and posture in this lawsuit, even if there is no such effect in the criminal proceedings.

And finally, from Defendants' perspective, a stay of limited duration will not impose any undue burden. Defendants' dispositive motions will remain viable until, and will be ruled upon after, the stay is lifted. Meanwhile, Defendants will simply remain parties to this lawsuit, with a mandate not to expend resources upon discovery or other affirmative litigation steps. The Court recognizes Defendants' continued presence in the lawsuit is not inconsequential. But any consequence to Defendants is substantially outweighed by the above-noted issues facing Plaintiffs, Stafford, and Greenhouse.

Accordingly, IT IS ORDERED that the Motion to Stay Proceedings (Doc. 50) is hereby GRANTED, and this lawsuit, in its entirety, is hereby STAYED pending further orders from the Court.

IT IS FURTHER ORDERED that, within 30 days of the conclusion of the criminal trial of Stafford or Greenhouse, whichever is later, counsel for Plaintiffs shall contact the undersigned's courtroom deputy to initiate a telephone status conference to include all counsel of record and the undersigned. All participants will be prepared to discuss the status of the underlying criminal proceedings, the continued propriety of a stay in this lawsuit, and the pendency of dispositive motions.

IT IS FURTHER ORDERED that, before the above-described telephone status conference with the Court, all parties are prohibited from engaging in discovery, seeking a default judgment, or engaging in motion practice of any kind.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 17th day of March, 2017.

                                                          Joseph H.L. Perez-Montes
                                                          United States Magistrate Judge